IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY RICE,

    Plaintiff,                         No. CIV S-08-2338 GEB KJM PS

    vs.

JOHN E. POTTER,

    Defendant.                     <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendant's motion to dismiss is pending before the court.  Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff is making a claim against his former employer, the Postmaster General, for wages allegedly owed him under Equal Employment Opportunity Commission (EEOC) administrative class action proceedings, which resulted in the Glover/Albrecht Global Settlement Agreement.  Plaintiff seeks $275,000 in compensatory damages for lost wages and $60,000 in other damages for lost retirement benefits.  Plaintiff bases his claim for additional damages on an on-the-job injury plaintiff sustained in 1992 and the allegedly lower pay grade he was given after this injury.  Plaintiff contends the additional damages are due him under the Global Settlement Agreement.

1        Defendant moves to dismiss for lack of subject matter jurisdiction. Under 29
2   C.F.R. § 1614.204(g)(4) and 29 C.F.R. § 1614.401(c), a claimant can appeal to the EEOC a
3   decision by the presiding Administrative Law Judge (ALJ) on a class settlement. Civil actions
4   following an appeal to the EEOC are governed by 29 C.F.R. § 1614.407 and are allowed in only
5   three circumstances, where: (1) a complainant has filed an individual complaint; (2) an agent has
6   filed a class complaint; or (3) a complainant has filed a claim for individual relief pursuant to a
7   class complaint. None of those circumstances is applicable here. Plaintiff concedes he did not
8   file an individual complaint and was not the agent for the class complaint. With respect to the
9   third category under section 1614.407, the Global Settlement Agreement specifically sets forth a
10  denial of liability and states no finding of discrimination was made as part of the settlement. See
11  Global Settlement Agreement § 2.2.4.[1] Because the third category requires such a finding before
12  an individual claim for relief may be made, plaintiff cannot invoke that subsection as a basis for
13  jurisdiction. See 29 C.F.R. § 1614.204(l)(3). Thus, to the extent plaintiff is attempting to use the
14  Global Settlement Agreement as a basis for his claims, there is no subject matter jurisdiction.

15       Defendant also moves to dismiss for failure to state a claim. To the extent
16  plaintiff is invoking the opt out provisions of the Global Settlement Agreement, plaintiff's claims
17  must stand or fall on his separate allegations. See Global Settlement Agreement § 6.3.
18  Plaintiff's challenge regarding his compensation package due to his on-the-job injury is barred
19  under the Federal Employees' Compensation Act (FECA). See 5 U.S.C. § 8128(b)
20  (determination by Office of Worker's Compensation Programs not reviewable in federal court).
21  Assuming plaintiff is also attempting to assert a claim under Title VII based on his 1992 injury,
22  there is nothing in the record before the court to suggest plaintiff can cure the deficiencies in the
23  complaint to state a claim for discrimination, or that he has timely exhausted his administrative
24  /////

25  _____

26       [1] The Agreement is attached to the complaint.

1 | remedies.  29 C.F.R. § 1614.105(a)(1); see Boyd v. U.S. Postal Serv., 752 F.2d 410, 414-15 (9th
2 | Cir. 1985). Plaintiff therefore fails to state a claim and leave to amend should not be granted.
3 |             Accordingly, IT IS HEREBY RECOMMENDED that:
4 |             1. Defendant's motion to dismiss be granted; and
5 |             2. This action be dismissed.
6 |             These findings and recommendations are submitted to the United States District
7 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
8 | fourteen days after being served with these findings and recommendations, any party may file
9 | written objections with the court and serve a copy on all parties.  Such a document should be
10 | captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
11 | objections shall be served and filed within seven days after service of the objections.  The parties
12 | are advised that failure to file objections within the specified time may waive the right to appeal
13 | the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 | DATED: March 18, 2010.

_____
U.S. MAGISTRATE JUDGE

006
rice.57

3